# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIELS SHARPSMART, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BECTON, DICKINSON AND CO., INC., ) <br> ) <br> Defendant. ) | Case No. 17 C 6940 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Daniels Sharpsmart, Inc. has moved to dismiss the counterclaim of Becton, Dickinson and Co.. Becton claims that Daniels made false and misleading statements in advertising its "reusable Sharpsmart system," in violation of the Lanham Act, 15 U.S.C. § 1125(a), and the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2. The standards for the claim under the IDTPA are the same as those for the claim under the Lanham Act. *Gimix, Inc. v. JS&A Grp., Inc.*, 699 F.2d 901, 908 (7th Cir. 1983); *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 914 (N.D. Ill. 2014).

Daniels and Becton are competitors. Both of them sell containers for medical sharps. Becton says that the following statements made in Daniels's advertising material are false or misleading: its Sharpsmart system is the "safest in the world"; it is "safer—wherever you work"; it is "the safer system that's protecting healthcare workers around the world"; it is "safer for staff and patients"; it poses "no risks in transit"; it "removes the risk of injury from your sharps containers"; and it "saves lives."

Counterclaim ¶ 11a-g. In addition, Becton alleges that Daniels's advertising contains false or misleading statements that its system "is the world's safest and most environmentally responsible sharps management system" and that it is "safer to use." *Id.* ¶ 14a-b.

Becton also says that Daniels's statement that its product is "safer for staff and patients" is accompanied by the following reference to a study:

> Results from the largest international study of sharps containment systems were published in 2003 in the British *Journal of Hospital Infection*. These findings were dramatic, and showed that the Sharpsmart system reduced:
>
> Container-related sharps injuries: ↓ 87%
> Other sharps injuries: ↓ 26%
> Total sharps injuries: ↓ 33%

*Id.* ¶ 11d. Becton alleges that the reference to the study is a false and misleading basis for making comparative claims "when one considers it is outdated and provides no basis to Daniels for present comparative claims as many of [Becton's] and other sellers['] sharps containers available today were not available in 2003 for comparison." *Id.* ¶ 12. Becton also alleges that the study stated that the small numbers of cases considered "precluded statistical significance"; for this reason, Becton says, the study does not support Daniels's claim. *Id.* ¶ 13.

To sustain a false advertising claim under the Lanham Act, Becton must establish that Daniels made a false or misleading statement that actually deceives or is likely to deceive a substantial segment of the advertisement's audience, on a subject material to the decision to purchase the goods, touting goods entering interstate commerce, resulting in actual or probable injury to Becton. *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999). There are two categories of

2

false advertising claims: literal falsity and implied falsity. If a statement in an advertisement is literally false, the plaintiff need not show that it actually deceived customers or was likely to do so. If a statement is literally true or ambiguous, the plaintiff must show that the statement implicitly conveys a false impression, is misleading in context, or is likely to deceive consumers. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

In its motion to dismiss the counterclaim, Daniels contends that the statements challenged by Becton are, at worst, "generic, non-specific puffery" that is unactionable under the Lanham Act. Pl.'s Mem. in Support of Mot. to Dismiss at 2. Puffery is "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable" under the Lanham Act. *Rosenthal Collins Grp., LLC v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2005 WL 3557947, at *9 (N.D. Ill. Dec. 26, 2005) (quoting *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997)). "Actionable false statements are generally differentiated from unactionable puffing by determining whether the claims are specific or absolute characteristics of a product capable of testing—such objective claims are not puffery and may be actionable under the Lanham Act." *Id.* (collecting cases).

To support a claim under these circumstances, Becton "needs to show that under some set of circumstances, Daniels's comments can be construed as factual." *Id.* Becton's claims regarding Daniels's statements about safety and environmental responsibility, however, do not clear this hurdle. With the exception of the reference to test results, all of the statements Becton cites are generic comments to the effect that Daniels's system is safe, improves safety, or is the safest of its type. None of this is

likely to deceive potential customers or even to be relied upon. Rather, it is a mere attention-getter that does not purport to describe any characteristics of Daniels's product.

This case is not similar to *Champion Laboratories, Inc. v. Central Illinois Manufacturing Co.*, 157 F. Supp. 3d 759 (N.D. Ill. 2016), on which Becton relies. The advertisement in that case stated that the products in question were tested "in the world's most extensive dispenser-filter research-and-development facility." *Id.* at 762. The testing facility in question actually belonged to the plaintiff itself (the plaintiff, like Daniels, was facing a false advertising counterclaim). The court, in addressing a motion to dismiss for failure to state a claim, concluded that this might be misunderstood as suggesting that the plaintiff's products had been tested by an independent laboratory. For this reason, the Court concluded, the claim was not subject to dismissal. *Id.* at 763.

This leaves only Daniels's statement about the results shown by the study cited in its advertising. But Becton does not contend that Daniels misrepresented the study. Rather, Becton contends that the study is stale and that it did not review a statistically significant set of data. The advertising that Becton cites, however, stated that the study was from 2003, so it was not false in this regard. As for the degree of statistical support for the study, Becton is required to show (or here, allege) "that an advertisement is false, 'not merely that it is unsubstantiated by acceptable tests or other proof.'" *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1089-90 (7th Cir. 1994) (quoting *Procter & Gamble Co. v. Chesebrough-Pond's Inc.*, 747 F.2d 114, 119 (2d Cir. 1984)).

Finally, the Court declines Becton's suggestion that if the Court rules in Daniels's favor on the present motion, it should go back and examine Daniels's affirmative claims

to see if they meet the requirements for a viable Lanham Act claim. Becton did not timely move for dismissal of Daniels's complaint. The appropriate time to consider the sufficiency of Daniels's claims will be if and when Becton moves for summary judgment.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion to dismiss defendant's counterclaim [dkt. no. 18].

Date: May 20, 2018

_____
MATTHEW F. KENNELLY
United States District Judge